872 F.2d 1025
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas E. GIRARD, Plaintiff-Appellant,
v.
Timothy RAHA; County of Ottawa, Defendants-Appellees.
 No. 88-1990.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1989.
 
 1
 Before KEITH and KENNEDY, Circuit Judges, and RICHARD B. McQUADE, Jr., District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed.
 
 
 3
 Thomas E. Girard moves for counsel and appeals from the district court's order granting the defendants' motion for a directed verdict and dismissing his complaint for failure to state a claim under 42 U.S.C. Sec. 1983.
 
 
 4
 Girard sued an Ottawa County Sheriff's Department deputy and Ottawa County. He alleged that the deputy harassed him by holding an unpleasant conversation with him. He also alleged that Ottawa County is responsible for the deputy's alleged actions. He requested $125,000 in damages.
 
 
 5
 After reviewing Girard's amended complaints and defendants' answer, the trial court held a hearing. The court then granted defendants' motion for a directed verdict, deciding that Girard had failed to state a claim.
 
 
 6
 Girard raises the same arguments on appeal.
 
 
 7
 Upon consideration, we affirm the district court's order. The district court properly granted the defendants' motion for a directed verdict because there was a complete absence of pleading or proof on an issue or issues material to the cause of action and there were no controversial issues of fact upon which reasonable men could differ. See Kitchen v. Chippewa Valley Schools, 825 F.2d 1004, 1015 (6th Cir.1987).
 
 
 8
 Girard simply failed to state a claim for relief under 42 U.S.C. Sec. 1983. Under the statute, plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the defendants deprived him of this right while acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981).
 
 
 9
 Girard claimed that the defendant verbally abused him while he was in a park. There is no authority to support a claim that a conversation in a public place constitutes a violation of constitutional rights and gives rise to an action under 42 U.S.C. Sec. 1983. The record indicates that the deputy observed Girard in a public place. Girard seemed suspicious, and the deputy went to investigate. The deputy held two conversations with Girard. The record shows that the deputy was polite, not abusive. Girard was not arrested or even detained. He was not threatened or physically abused, nor was he deprived of his liberty. At best, the deputy and Girard had two conversations that were unpleasant for Girard. Even if these conversations constituted an investigation, Girard has no action. There is no civil rights violation where police officers have performed a proper investigation. See generally Coffy v. Multi-County Narcotics Bureau, 600 F.2d 570 (6th Cir.1979) (use of certain investigation techniques and procedures to collect evidence were all proper police activities that did not violate suspects' federally protected rights).
 
 
 10
 Girard's claim that the county was liable for the deputy's actions also fails for these same reasons. In addition, Girard did not allege that the county condoned, encouraged, or participated in the alleged misconduct. Thus, the county cannot be held liable even if a claim had been stated. See Barnier v. Szentmiklosi, 810 F.2d 594 (6th Cir.1987).
 
 
 11
 For these reasons, the motion for counsel is hereby denied and the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard B. McQuade, Jr., U.S. District Judge for the Northern District of Ohio, sitting by designation